IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. FRYER, | : | |
|     Plaintiff, | : | 1:19-cv-0046 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LACKAWANNA COUNTY JAIL, | : | |
| MEDICAL STAFF AT LCJ, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

## **May 21, 2019**

Plaintiff, Sean M. Fryer, ("Fryer"), a state inmate confined at the Lackawanna County Prison ("LCP"), Scranton, Pennsylvania filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on January 7, 2019, naming as defendants the Lackawanna County Jail and the Medical Staff at the Lackawanna County Jail. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 6).

For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.     **STANDARDS OF REVIEW**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for

is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*." Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at

> 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. ALLEGATIONS OF THE COMPLAINT

Fryer alleges that, following his September 10, 2018 arrest, he was "placed under 24 hour surveillance without clothing for over a week and just given drugs to keep [him] unconscious and wasn't released from that unit for over a week." (Doc.

1, pp. 2, 3). Thereafter, he was placed in a "camera cell" for further observation "by a nurse named Holly" because he tried to speak to a counselor about his case. (*Id.* at 3). At his December 10, 2018 detention hearing, he alleges that the prosecutor advised the judge of his mental state and provided the court with information regarding his mental health. (*Id.*). The prosecutor allegedly obtained the mental health information from the medical staff at the prison. (*Id.*).

He seeks to be released from the facility so he can receive professional counseling. (*Id.*). He also seeks monetary damages for "pain and suffering regarding this false arrest and violations of [his] constitutional rights." (*Id.*).

### III. **DISCUSSION**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws

4

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Lackawanna County Jail and the Medical Department at the Lackawanna County Jail are not persons within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Consequently, neither is amenable to suit; the complaint will be dismissed.

However, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[,]" leave to amend should be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure);

FED.R.CIV.P. 15(a)(2). The complaint will therefore be dismissed without prejudice to Plaintiff's right to file an amended complaint.

## IV. **CONCLUSION**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will enter.